UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDDIE LEE SEALS,

                            Plaintiff,

                                                                       Case # 15-CV-387-FPG

v.

                                                                         DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

Eddie Lee Seals ("Seals" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 7, 11. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On September 2, 2011, Seals protectively filed an application for SSI with the Social Security Administration ("the SSA"). Tr.[1] 83-91, 122. He alleged that he had been disabled since January 1, 2006 due to mental impairments, anxiety, and a left shoulder gunshot wound. *Id.* After his application was denied at the initial administrative level, a hearing was held before

---

[1] References to "Tr." are to the administrative record in this matter.

1

Administrative Law Judge Curtis Axelson ("the ALJ") on December 18, 2012 in which the ALJ presided by videoconference and considered Seals's application *de novo*. Tr. 33-49. Seals appeared at the hearing and testified. *Id.* On January 17, 2013, the ALJ issued a decision finding that Seals was not disabled within the meaning of the Act. Tr. 19-29. That decision became the Commissioner's final decision when the Appeals Council denied Seals's request for review on August 6, 2014. Tr. 7-9. Thereafter, Seals commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Seals's claim for benefits under the process described above. At step one, the ALJ found that Seals had not engaged in substantial gainful activity since September 2, 2011, the application date. Tr. 22. At step two, the ALJ found that Seals has the following severe impairments: residual discomfort of the left shoulder due to a gunshot wound, residual discomfort due to a childhood burn to the anterior chest, marijuana abuse, and anxiety disorder. Tr. 22. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 22-24.

Next, the ALJ determined that Seals retained the RFC to perform light work[2] with the following limitations: he can occasionally perform heavy lifting, reaching, pushing, and pulling with his left upper extremity, and he can perform only two and three step repetitive tasks. Tr. 24-27. At step four, the ALJ indicated that Seals had no past relevant work. Tr. 27.

At step five, the ALJ relied on the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, App'x 2, to determine that Seals was capable of making an adjustment to other work that exists in significant numbers in the national economy given his RFC, age,

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

education, and work experience. Tr. 28. Accordingly, the ALJ concluded that Seals was not "disabled" under the Act. Tr. 28-29.

## II. Analysis

Seals argues that the ALJ's decision is not supported by substantial evidence because he failed to elicit the testimony of a vocational expert at step five of his analysis. ECF No. 7-1, at 15-18.[3] This Court agrees that the ALJ erred as a matter of law at step five. Accordingly, this matter is remanded to the Commissioner for further administrative proceedings.

As explained above, at step five the ALJ must consider the claimant's RFC as well as his age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. At this step, the burden shifts to the Commissioner to prove that the claimant can make the transition to other work. *Baron v. Astrue*, No. 08-CV-3303 (CBA), 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.* (citation omitted).

One way an ALJ can make his or her determination at step five is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's age, education, and work history for each given level of exertion.[4] *See* 20 C.F.R. Part 404, Subpart P, App'x 2. If the Grids adequately reflect a claimant's condition, then the ALJ is free to rely on them at step five to determine whether the claimant is disabled. *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

---

[3] Seals advances other arguments that he believes require reversal of the Commissioner's decision. However, because this Court disposes of this matter based on the ALJ's error at step five, those arguments need not be reached.
[4] Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 416.967.

However, exclusive reliance on the Grids is inappropriate where the Grids fail to account for the full extent of the claimant's limitations. *Id*; *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R., Part 404, Subpart P, App'x 2 § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."). In particular, an ALJ's sole reliance on the Grids constitutes legal error where the claimant's limitations result in "the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Bapp*, 802 F.2d at 606. "In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603) (internal quotation marks omitted).

Here, the ALJ found that Seals retained the RFC to perform light work with the following limitations: he can occasionally perform heavy lifting, reaching, pushing, and pulling with his left upper extremity, and he can perform only two and three step repetitive tasks. Tr. 24-27. At step five the ALJ acknowledged that Seals was unable to perform the full range of light work, yet he concluded that sole reliance on the Grids was appropriate because "the additional limitations have little or no effect on the occupational base of unskilled light work." Tr. 28. Courts throughout the Second Circuit have held that this type of conclusory language, without more, is insufficient to support the ALJ's decision to rely on the Grids. *See, e.g.*, *Mattioli v. Comm'r of Soc. Sec.*, No. 3:14-CV-00182 (JAM), 2015 WL 4751046, at *5 (D. Conn. Aug. 11, 2015); *Lyde v. Colvin*, No. 3:13-CV-00603 (JAM), 2016 WL 53822, at *7 (D. Conn. Jan. 5, 2016); *Hernandez v. Colvin*, No. 13-CV-03035 (RPP), 2014 WL 3883415, at *14-16 (S.D.N.Y. Aug. 7,

2014); *Solsbee v. Astrue*, 737 F. Supp. 2d 102, 116 (W.D.N.Y. 2010) ("If the ALJ chooses to proceed without vocational expert testimony, the ALJ 'must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record of review.'") (citing *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir. 1981)). The ALJ's failure to elaborate on or explain his conclusion that a vocational expert's testimony was not necessary in Seals's case is a legal error that warrants remand. *See, e.g.*, *Prince v. Colvin*, No. 13 CIV. 7666 (TPG), 2015 WL 1408411, at *22 (S.D.N.Y. Mar. 27, 2015); *Faust v. Astrue*, No. 06 CIV. 4577 (KMK) (LMS), 2011 WL 7145740, at *12-14 (S.D.N.Y. Mar. 15, 2011), *report and recommendation adopted*, No. 06-CV-4577 (KMK) (LMS), 2012 WL 382959 (S.D.N.Y. Feb. 6, 2012); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 25, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court